IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

STEPHANIE D. LOWERY　　　　　　　　　　　　　　　　　　PLAINTIFF

v.　　　　　　　　　　CIVIL NO. 10-2103

MICHAEL J. ASTRUE, Commissioner
Social Security Administration　　　　　　　　　　　　　　　DEFENDANT

### ORDER

On July 20, 2010, Plaintiff submitted a complaint for filing in this district, together with a request for leave to proceed *in forma pauperis* ("IFP"). (Doc. 1). An order was issued directing the clerk to provisionally file the complaint prior to a determination regarding Plaintiff's status as a pauper. (Doc. 2). Pursuant to the order, Plaintiff submitted an amended IFP application on July 30, 2010. (Doc. 4). For reasons stated below, Plaintiff's motion to proceed IFP is denied.

The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have an entre, not a barrier, to the federal courts. *In re Williamson*, 786 F.2d 1336, 1338 (8th Cir. 1986) (quoting *Souder v. McGuire*, 516 F.2d 820, 823 (3rd Cir. 1975)). Although a claimant need not be "completely destitute" to take advantage of the IFP statute, he or she must show that paying the filing fee would result in an undue financial hardship. *Williamson*, 786 F.2d at 1338.

Plaintiff's amended IFP application reveals that she is married and has no dependents. (Doc. 4). Plaintiff and her husband own a $50,000 home, on which they owe $43,000, a 2008 Toyota Camry, and a 2007 Ford pick-up, on which they owe $16,000 (collectively). *Id.* Plaintiff has no employment or income of her own, but relies solely on her husband's salary for support. *Id.* Her husband is employed at Tyson Foods and earned over $62,000 in 2009. *Id.*

A number of courts have recognized that, in making an IFP determination, it is proper to consider whether the party claiming indigent status receives financial support from his or her family. *See Pifer v. Astrue*, 2009 WL 3379021 at 3 (N.D. W. Va. October 16, 2009); *Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) (quoting *Williams v. Spencer*, 455 F. Supp. 205, 208-09 (D. Md. 1978)); *Assaad-Faltas v. University of South Carolina*, 971 F. Supp. 985, 990 n. 9 (D.S.C. 1997); *Lee v. Wal-Mart Stores, Inc.*, 1993 WL 316756 at 3 (N.D. Ind. August 18, 1993). Here, Plaintiff is by no means destitute. She owns real estate, two vehicles, and receives financial support from her husband. Furthermore, she has not shown that paying the filing fee would create an undue financial hardship. For these reasons, we find that a waiver of the filing fee would be inappropriate in this instance.

Accordingly, Plaintiff's motion for leave to proceed IFP is DENIED. Plaintiff is directed to tender the filing fee of $350 by September 2, 2010. Should Plaintiff fail to comply within the required period of time, her complaint will become subject to summary dismissal for failure to obey a court order.

IT IS SO ORDERED this 2nd day of August 2010.

/s/ *JMarschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF U.S. MAGISTRATE JUDGE

U. S. DISTRICT COURT
ESTERN DISTRICT ARKANSAS
FILED
AUG 02 2010
CHRIS R. JOHNSON, CLERK

DEPUTY CLERK

AO72A
(Rev. 8/82)